225 Riv. St., LLC v City of Troy (2023 NY Slip Op 06565)

225 Riv. St., LLC v City of Troy

2023 NY Slip Op 06565

Decided on December 21, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 21, 2023

529798
[*1]225 River Street, LLC, Appellant,
v
City of Troy, Defendant.

Calendar Date:November 20, 2023

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ.

E. Stewart Jones Hacker Murphy LLP, Schenectady (Patrick L. Seely Jr. of counsel), for appellant.

Aarons, J.
Appeal from an order of the Supreme Court (Michael H. Melkonian, J.), entered September 13, 2018 in Rensselaer County, which granted defendant's motion to change venue.
Plaintiff filed a claim in Albany County alleging that defendant installed a sewer pipe across property owned by plaintiff and that this action constituted a de facto taking. Defendant thereafter served a demand to change venue and, after receiving no response, moved to change venue to Rensselaer County. Supreme Court granted the motion. Plaintiff appeals.
As relevant here, the venue of an action against a city shall be "the county in which such city . . . is situated" (CPLR 504 [2]). The record discloses that defendant is a city in the State of New York entirely situated within the borders of Rensselaer County. Plaintiff does not dispute or otherwise controvert this fact. Plaintiff's reliance on EDPL 501 (B) is unavailing. That statute pertains to the jurisdiction of the Supreme Court within a judicial district to hear and determine claims arising from the acquisition of real property. More to the point, it does not speak to where venue should be for a particular claim. Accordingly, Supreme Court correctly granted the motion.
Clark, J.P., Reynolds Fitzgerald, McShan and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.